No. 12.—AMOS W. HAMMOND, plaintiff in error, *vs.* MATTHEW H. MYRICK, defendant.

[1.] A levy upon lands is not a satisfaction of an execution, and a dismissal, by order of the plaintiff's attorney, is a sufficient disposition of it.

[2.] The Act of 1811, which directs that sheriffs shall not levy upon property, in the hands of persons not parties to the judgment; if there is property enough in the hands of the defendant to satisfy the execution : *Held*, to be for the benefit of plaintiffs in execution, and to be limited in its application to cases when the defendant points out the property.

[3.] The Act of 1850, relative to attorneys testifying, is prospective, and does not apply to cases instituted before it was passed.

Claim, in Upson Superior Court.    Tried before Judge STARKE, May Term, 1853.

Matthew H. Myrick, being the owner of a *fi. fa.* against John R. Hudson, and others, caused it to be levied on a negro ; which Amos Hammond had purchased of Hudson, since the date of the judgment.

Hammond interposed a claim, and the cause was at issue before a jury.

Plaintiff offered in evidence the *fi. fa.*, by which the levy had been made, which was objected to by claimant, because, there appeared on it a former levy on land of the defendant, and a dismissal of said levy by plaintiff's attorney.

The Court overruled the objection.

Plaintiff then offered a set of interrogatories, to which claimant objected, on the ground, that the cross-questions were not fully answered.   The Court overruled the objection, holding it to be an exception to the execution of the interrogatories, and, therefore, coming too late, they having been in Court since last term.   In the cross-examination of one of plaintiff's witnesses, the claimant offered to prove, that Hudson had property in his possession, sufficient to satisfy the *fi. fa.* ; while he, the claimant, was an innocent purchaser.   This testimony was rejected by the Court, because it did not appear, that the negro levied on, had been pointed out by defendant in *fi. fa.*

A witness offered by plaintiff, was objected to by claimant, on the ground, that he was the attorney who had sued out the *fi. fa.;* which objection the Court overruled, the action having been commenced, before the passage of the Act, regulating the testimony of attorneys.

The jury found the property subject to the execution; whereupon claimant excepted, and assigns as error the several rulings of the Court, as above stated.

S. T. BAILEY & HAMMOND, for plaintiff in error.

SMITH, HALL & CAREY, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The levy upon the land, was sufficiently accounted for by its dismissal, upon the order of the plaintiff's attorney. Being dismissed, the judgment lien was unimpaired by the levy. A levy upon personal property, is *prima facie* satisfaction—but not so a levy on land.   (6 *Geo.* 410, *Ibid* 392.)

[2.] We think that the cross-interrogatory, was substantially answered, but if it was not, the exception that it was not fully answered, is immaterial to the case; for the cross-interrogatory if answered, as well as the rejected testimony, going to show that the defendant in execution had other property than the slave claimed by Mr. Hammond, sufficient to satisfy the execution is illegal evidence. The claimant insists, that by the *Act of* 1811, property in the possession of a third person, not a party to the judgment, can not be levied upon, if there is property in the hands of the defendant sufficient to satisfy the execution, at any time, at or after the date of the judgment. The object of the proof was, to show that there was property in the hands of one of the defendants in execution sufficient to pay it. By Statute, the lien of a judgment, attaches upon all the estate of the defendant owned at its date, or afterwards acquired; and he who buys any part of it, buys subject to that lien. This is the general Law, with

some modification irrelevant to this question. The *Act of* 1811, provides, that *when the defendant* shall point out any property on which to levy the execution, being in the hands and possession of any person, not a party to the judgment, the Sheriff shall not levy thereon ; but shall proceed to levy on such property, as may be found in the hands and possession of the defendant, who shall, nevertheless, be at liberty to point out what part of his property he may think proper ; which the Sheriff shall be bound to take and sell first, if the same is in the opinion of the Sheriff, sufficient to satisfy such judgment. (*Prince,* 436.) This Act is, in our opinion, intended to apply to a single case ; and that is, where the defendant, being in possession of property, sufficient to pay the execution *himself points out property* in the hands of a third person. In such case, it is directory to the Sheriff, and he is forbid to levy on the property in the hands of a third person, until the property, in the hands of the defendant, is exhausted. Its action is limited to cases where the defendant *himself* points out the property, in the hands of a third person. The very words of the Act so limits it. It is an Act, primarily for the benefit of plaintiffs in execution ; but which results, or may result in a protection to purchasers. The mischief was, that a defendant having sold property, liable to judgments against himself, could by pointing it out, put the plaintiff, upon realising out of that, after subjecting him to delay, costs and litigation, whilst holding property sufficient to pay the judgment. To this mischief, this Act applies a remedy, by directing the levy upon the property in the hands of the defendant. The Act does not fetter the plaintiff—his judgment lien is not impaired—he may go upon the property in the hands of the third person, if he pleases. He is not likely so to please and incur the delay of a claim, if the defendant is in possession of property enough to pay him. He has pleased, or has been compelled, in this instance, to move upon the property in *Mr. Hammond's* hands. He has the *legal* right to do so. The property was not pointed out by the *defendant* in execution.

[3.] The objection to the admissibility of the evidence of

the attorney, because forbid to testify, by the Act of 1850, is not sustainable, because, this suit was instituted before that Act was passed, and it is prospective in its provisions.

Let the judgment be affirmed.